UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-119-HRW

CONNIE DALE BAKER                                                    PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

JOSEPH MEKO, ET AL.                                                  DEFENDANTS

The Court considers the "Motion to Hold in Abeyance" [Record No.11] filed by Connie Dale Baker, the *pro se* plaintiff.  Baker is currently incarcerated in the Little Sandy Correctional Complex ("LSCC") which is located in Sandy Hook, Kentucky.

PROCEDURAL BACKGROUND
1. The Complaint

On September 29, 2008, Baker filed the instant civil rights complaint, asserting numerous claims under 42 U.S.C. §  In his complaint and in other related filings, Baker challenged several conditions of his confinement at the LSCC.[1] Baker complained primarily of being denied medical treatment for numerous conditions, although his claims included other non-medical issues, such as alleged interference with his incoming and outgoing legal mail, excessive canteen charges and excessive phone charges.

2. The Opinion and Order

On November 12, 2008, the Court entered a Memorandum Opinion and Order ("the

---

[1]     In effort to obtain certification as a class action, Baker also submitted the affidavits signed by 29 of his fellow inmates. These 29 inmates challenged the conditions of their confinement at the LSCC, including the alleged denial of medical treatment.

Opinion and Order") in which it denied class action status for this proceeding and informed Baker that his fellow inmates would be responsible for filing their own civil actions and asserting their own constitutional claims [*See* Record No. 9, pp. 3-5]. The Court denied Baker's request for appointment of counsel [*Id.*, pp. 10-12]. The Court also denied Baker's request for the entry of either a "permanent" or "temporary" preliminary injunction requiring the Kentucky Department of Corrections ("KDOC"), and/or the LSCC, to provide him with various forms of immediate medical treatment [*Id*, pp. 14-17].

Using the Court's statutory screening mechanism, 28 U.S.C. § 1915A, the Court dismissed some of Baker's allegations with prejudice for failure to state a valid constitutional claim on the merits [*Id* pp. 5-14]. Noting the large number of claims Baker was asserting in his Complaint, the Court directed Baker to produce documentary evidence that he had administratively exhausted his claims in compliance with the KDOC's applicable "Corrections Policies and Procedures" ("CPP") with respect to four specific categories of Baker's claims (both medical and non-medical) [*See Id.*, p.18, ¶ (9)].[2] Plaintiff Baker was given thirty days in which

---

[2]

CPP Number 14.6, entitled *Inmate Grievance Process*, explains the steps which state inmates are required to pursue in order to file any type of grievance (both medical and non-medical). CPP 14.6 §II (K) 1.- 3 sets forth the specific procedures which an inmate must utilize in order to grieve a health care concern. This regulation requires a state prisoner to first file written grievance seeking an "Informal Resolution." [§ II (K)(1)(a) and (b) ("Step 1")] In this process, the Grievance Coordinator will refer the matter to the institutional chief medical authority, who then reviews the inmate's grievance [*Id.* at (b)]. If the institutional chief medical authority denies the prisoner's health care concern grievance, the prisoner must then seek formal review by the institution's "Health Care Grievance Committee." [§ II (K)(2)("Step 2")]

The four-step process for **non-health** care types of grievances is found in CPP 14.6 § II (J)(1)-(4). Under this process, an inmate must file a written grievance and seek an Informal Resolution (§ II (J)(1) (a)and (b) ("**Step 1**"). If not satisfied there, he must make a written request that the Grievance Committee hold a hearing to consider his grievance ( § II (J)(2) ("**Step 2**"). If not satisfied with the Grievance Committee's disposition, he may appeal to the Warden. *See* § II

to provide the Court with his exhaustion documentation [*Id.*].

### 3. Baker's Current Motion [Record No. 11]

Baker has now responded to the Opinion and Order by filing the instant "Motion to Hold in Abeyance" [Record No. 11]. In that submission, Baker states that he is "presently exhausting" his administrative remedies at the LSCC, further explaining that he "has now activated several Grievances/Complaints towards each of the ordered remedies to be exhausted" [*Id.*, p.1]. He asks the Court to abate this action for ninety (90) days to enable him "to complete all exhaustions {sic} in his remedies."[*Id.*, pp. 1-2].

### DISCUSSION
### 1. Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies *before* suing in federal court. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999).

Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it. For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193

---

(J)(3)("**Step 3**"). Finally, if not satisfied with the Warden's decision, an inmate may file an appeal to the KDOC. *See* § II (J)(4)("**Step 4**"). Time frames for appeals and responses are established within the regulation.

F.3d 876 (6th Cir. 1999).

Exhaustion under the PLRA is mandatory and unexhausted claims cannot be brought in federal court. *See Porter v. Nussle*, 534 U.S. at 524; *Jones v. Bock*, 127 S.Ct. 910, 919 (2007); *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006). The Supreme Court has emphasized that the exhaustion requirement found in the PLRA mandates "proper exhaustion," which demands compliance with prison procedural rules. *Ngo*, 126 S. Ct. at 2387.

In *Jones*, the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA. and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 921 (overruling Sixth Circuit precedent to the contrary). *Jones* guided lower federal courts as to screening prisoner complaints under 28 U.S.C. § 1915A.

The Supreme Court noted that its ruling does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies. The Court explained:

> A complaint is subject to dismissal for failure to stale a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(e). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir.2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face." (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (1st Cir.2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2nd Cir.1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). See also 5B C. *Wright & A. Miller, Federal Practice and Procedure* § 1357, pp. 708-710,

721-729 (3d ed.2004).

*Jones*, 127 S. Ct. at 920-21 (emphasis added).[3]

The Fourth Circuit has held that even if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue. *See Moore v. Bennette*,  517 F.3d 717, 725 (4ᵗʰ Cir. 2008).

Other courts have held that even in light of the Supreme Court's decision in *Jones v.Bock*, district courts are still authorized to dismiss a complaint where failure to exhaust is apparent from the face of the complaint, and are also allowed *sua sponte* to inquire into whether a claim has been exhausted and dismiss the complaint after giving the inmate notice and an opportunity to address the issue. *See*, *e.g.*, *Clayborne v. Epps*, 2008 WL 4056293, 5 (S. D. Miss., 2008); *Anderson v. Donald*, 2008 WL 73672, at * 2 (11th Cir. Jan. 8, 2008), *cert. denied*, 2008 WL

_____

[3]

Other district courts, including courts within the Sixth Circuit, have recently interpreted this language as meaning that even though exhaustion of administrative remedies need not be pled specifically in the complaint, *sua sponte* dismissal - -for failure to state a claim upon which relief may be granted - - is appropriate on initial review where it is apparent *from the face of the complaint* that an inmate has failed to exhaust the prison grievance procedure. *Whitaker v. Gannon*, 2007 WL 274439, *2 (S. D. Ohio, September 19, 2007)(Only Westlaw citation currently available); *Spaulding v. Oakland County Jail Medical Staff*, 2007 WL 2336216, *3 (E. D. Mich.2007) (applying *Jones* and dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit); *Ghosh v. McClure*, 2007 WL 400648, at *6, n. 3 (S. D. Tex.2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion sua sponte or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C § 1997e(a) by failing to exhaust his remedies before filing suit."); *Tanner v. Fed. Bureau of Prisons*, 475 F. Supp.2d 103, 105 (D.D.C.2007); *Leary v. A.R.U.S. Conerly*, 2007 WL 1218952 (E. D. Mich. 2007) (lack of exhaustion was obvious from the face of a pleading, requiring the defendant to file a motion to dismiss for failure to exhaust would be a waste of defendants' and the Court's time and resources); and *Funk v. Washburn*, 2007 WL 1747384, *1 (M. D. Fla.2007).

552935 (Mar. 3, 2008); *Bell v. Holden*, 2008 WL 544679, at * 2 (M .D. La. Feb. 28, 2008)

(citing *Tanner v. Fed'l Bureau of Prisons*, 475 F. Supp.2d 103, 105 (D.D.C.2007)) (adopting

Magistrate Judge's Report and Recommendation).[4]

## 2. Application of Law to Facts

Following *Moore v. Bennette*, and the other cases cited herein dictate, the Court gave

Baker an opportunity, in the Opinion and Order, to present the Court with his exhaustion

documentation concerning his surviving three non-medical claims and his numerous medical

claims.  In response to that opportunity, Baker did not produce the exhaustion documentation.

This is because Baker does not have the documentation, having acknowledged that he had not

completed--and even more, had not begun- - the administrative exhaustion process as to the

surviving claims prior to filing this action on September 29, 2008.[5]

----

[4]

  *See also  Soler v. Bureau of Prisons,* 2007 WL 496472 (N .D. Fla. Feb. 12, 2007) ( nothing
in *Jones* precludes the *sua sponte* dismissal of the complaint where it is clear from the pleadings that
the prisoner has in fact failed to exhaust his administrative remedies); *Sanks v. Williams*, 2007 WL
3254368 (S.D. Ga. November 2, 2007) (slip op.) (same); *Colston v. Cramer,* 2007 WL 1655412 (E.
D. Mich. June 07, 2007) (same); *Michowski v. Mathai*, 2007 WL 1500333 (E.D. Mich. May 23,
2007) (same); *Ghosh v. McClure,* 2007 WL 400648 (S. D. Tex. Jan. 31, 2007) (same).

[5]

  The court was prescient enough to anticipate that Baker had probably not exhausted any
or all of the numerous claims asserted in his complaint and massive supplemental filings. The
Court stated as follows in the Opinion and Order:

  "**Given that Baker has asserted numerous claims, it is possible that may have
failed to exhaust some claims. If so, that failure will be revealed at some point.
If Baker has failed to fully exhaust his claims, they  would have to be dismissed
without prejudice**.  If he has exhausted his claims, other defenses, such as statute
of limitations or the unavailability of *respondeat superior*, might bar his claims on
the merits. In summary, it is too premature to conclude that  Baker has a substantial
likelihood of success on the merits of any claims surviving this screening."

Even in light of the *Jones* case, it is apparent from the recently filed "Motion to Hold in Abeyance" that Baker's surviving Eighth Amendment claims are prematurely before the Court because they have not been administratively exhausted. The plaintiff concedes in his recently filed motion that only after receiving the Opinion and Order did he set in motion the administrative exhaustion process with respect to his surviving claims.

The Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988) has explained the benefits which exhaustion yields:

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205.

Furthermore, exhaustion is not jurisdictional; it is mandatory. *Wyatt v. Leonard*, 193 F.3d at 879. The Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir.1999).

Baker will not be permitted to hold this action in abeyance for 90 days while he undertakes the exhaustion process he should have started - - and completed - - prior to filing this multi-claim civil rights action on September 29, 2008. The Court will deny Baker's "Motion to

---

[*See* Opinion and Order, Record No. 9, p. 16] (Emphasis Added).

Hold in Abeyance" [Record No. 11]. The Court will also dismiss this action for admitted failure to administratively exhaust the Eighth Amendment claims asserted in the Complaint.  Plaintiff Connie Dale Baker may file a new action after he has fully exhausted his various Eighth Amendment medical and non-medical claims.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiff Connie Dale Baker's "Motion to Hold in Abeyance" [Record No. 11] is **DENIED**.

(2)     The following Eighth Amendment claims, asserted by Plaintiff Connie Dale Baker in the Complaint, are **DISMISSED WITHOUT PREJUDICE:**

> (a) excessive phone charges/ inability to use coupons;

> (b) Excessive canteen charges/ inability to use coupons;

> (c) food quality claims, and

> (d) all asserted medical claims (denial of medical treatment for back, liver (Hepatitis C), legs, feet, heart, oversized hernia, lung, dental, and sleeping problems)

(3)     This action shall be **DISMISSED** from the docket of the Court.

(4)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This January 7, 2009.



Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**